1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JUSTIN SHERMAN,                      No.  1:20-cv-1609 JLT GSA

12                 Plaintiff,             FINDINGS AND RECOMMENDATIONS
                                          ORDER
13          v.
                                          ORDER RECOMMENDING DISMISSAL OF
14   RAMADAN,                             THIS MATTER AND DENIAL OF MOTION
                                          FOR SUMMARY JUDGMENT AS MOOT
15                 Defendant.
                                          (ECF No. 28)
16
                                          OBJECTIONS TO ORDER DUE **FEBRUARY
17                                        9, 2024**

18

19        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil

20   rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to this court

21   pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

22        Before this Court is Defendant's motion for summary judgment and his notice regarding

23   Plaintiff's failure to oppose it.  ECF Nos. 28, 35, respectively.  For the reasons stated below, the

24   undersigned will recommend that this matter be dismissed for failure to prosecute and for failure

25   to obey a court order.  In addition, it will be recommended that Defendant's motion to dismiss be

26   denied as moot.

27

28

1

1

### I.     RELEVANT PROCEDURAL HISTORY

2      This matter is at the dispositive motion phase of the proceedings.  On November 3, 2023,

3   Defendant filed the instant motion for summary judgment and lodged relevant documents in

4   support of it.  ECF Nos. 28, 29.  Plaintiff did not file a timely response to the motion in accord

5   with Local Rule 230(l).  As a result, on December 8, 2023, the Court issued an order to show

6   cause why Defendant's motion for summary judgment should not be granted.  ECF No. 34.

7      Plaintiff's showing of cause was due January 8, 2024.  See ECF No. 34 at 2.  On January

8   22, 2024, Defendant filed a notice regarding Plaintiff's failure to oppose his summary judgment

9   motion.  ECF No. 35.  The Court considers these facts herein.

10

### II.     APPLICABLE LAW

11      The Court has factors it must consider when dismissing a matter for failure to prosecute:

12   (1) its need to manage its docket; (2) the public's interest in the expeditious resolution of

13   litigation; (3) the risk of prejudice to defendants against the policy favoring the disposition of

14   cases on their merits, and (4) the availability of less drastic sanctions.  Ace Novelty Co. v.

15   Gooding Amusement Co., 664 F.2d 761, 763 (9th Cir. 1981); Anderson v. Air West, Inc., 542

16   F.2d 544, 525 (9th Cir. 1976).  Only unreasonable delay will support a dismissal for lack of

17   prosecution.  Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984) (citing Nealy v. Transportation

18   Maritima Mexicana, S.A., 662 F.2d 1275, 1280 (9th Cir. 1980)).

19

### III.     DISCUSSION

20      After Defendant filed his motion for summary judgment, Plaintiff's opposition, or a

21   statement of non-opposition to it, was due twenty-one days later, and Defendant's reply was due

22   seven days thereafter.  See Local Rule 230(1).  Thus, the matter should have been fully briefed by

23   the parties and deemed submitted by December 1, 2023.  See Local Rule 230(l) (effectively

24   stating twenty-eight-day period to address motion before it is automatically deemed submitted).

25      To date, Plaintiff has not filed a response to Defendant's motion, nor has he filed a

26   response to the Court's order to show cause.  Nor has he filed requests to extend the periods to do

27   so.

28

1    This Court's caseload is one of the most heavily taxed in the nation.[1]  As a result, there are

2    limits to the amount of time that can be spent on any given matter when a party is not making

3    efforts to move it forward.  Other members of the public who may be litigants in this Court share

4    the Court's interest in the expeditious resolution of cases that come before it.  Furthermore, to

5    prolong this case for the sole purpose of trying to resolve it on its merits would further prejudice

6    Defendant, who has already taken significant steps so that it could be.  Finally, Plaintiff's failure

7    to participate in the dispositive motion process, coupled with his failure to follow court rules and

8    obey the Court's order indicates that taking additional measures short of dismissal would be an

9    exercise in futility as it is highly unlikely that the case would eventually be resolved on its merits.

10   For these reasons, this matter should be dismissed for failure to prosecute and for failure to obey a

11   court order.

12        Accordingly, IT IS HEREBY RECOMMENDED that:

13        1.  This matter be DISMISSED for failure to prosecute and for failure to obey a court

14   order.  See Fed. R. Civ. P. 41(b); see also Local Rule 110;

15        2.  Defendant's motion for summary judgment be DENIED as moot, and

16        3.  This case be CLOSED.

17        These findings and recommendations are submitted to the United States District Judge

18   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

19   after being served with these findings and recommendations – **by February 9, 2024** – any party

20   may file written objections with the Court and serve a copy on all parties.  Such a document

21   should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any

22

23

24
---
25   [1]  The Eastern District of California carries one of the largest and most heavily weighted
     caseloads in the nation.  See Office of the Clerk, United States District Court, Eastern District of
26   California, 2023 Annual Report, "Workload Statistics," p. 33 (2023) ("[O]ur weighted caseload
     far exceeds the national average . . . ranking us seventh in the nation and first in the Ninth
27   Circuit.").  This problem is compounded by a shortage of jurists to review its pending matters.
     See generally id. (stating 2024 Biennial Judgeship Survey recommended request for four
28   additional permanent judgeships for Eastern District of California).

response to the objections shall be served and filed within fourteen days after service of the

objections.  The parties are advised that failure to file objections within the specified time may

waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.

1991).

IT IS SO ORDERED.

Dated:   **January 26, 2024**                          **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE